IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| KENT TERRY | ) | |
| 1647 Liberty | ) | |
| Lincoln Park, MI  48146 | ) | COMPLAINT |
| | ) | (Freedom of Information |
| and | ) | Act, 5 U.S.C. §552). |
| | ) | |
| DAVID CODREA | ) | |
| 75781 Valley View Road | ) | |
| Hudson, OH  44236 | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| U.S. DEPARTMENT OF STATE, | ) | |
| The Executive Office | ) | |
| Office of the Legal Adviser, Suite 5.600 | ) | |
| 600 19th Street, N.W. | ) | |
| Washington, DC  20522 | ) | |
| | ) | |
| Defendant. | ) | |

Come now the Plaintiffs, by and through undersigned counsel, and allege as follows:

1.  This is an action under the Freedom of Information Act, 5 U.S.C. § 552, for injunctive and other appropriate relief and seeking the disclosure and release of agency records improperly withheld from Plaintiffs by the U.S. Department of State ("DoS").

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 and 5 U.S.C. §552(a)(4)(B).

3. Venue lies in this district under 28 U.S.C. §1391(e).

## PARTIES

4. Plaintiff Kent Terry ("Terry") is an adult male resident of the state of Michigan and the brother of slain Border Patrol agent Brian Terry.

5. Plaintiff David Codrea ("Codrea") is an adult male resident of the state of Ohio and an internet blogger and Second Amendment journalist. In 2011, Codrea was named "Journalist of the Year" by the Second Amendment Foundation for his groundbreaking work exposing the "Fast and Furious" ATF "gunwalking" scandal, and was a co-recipient of Soldier of Fortune Magazine's "2nd Amendment Freedom Fighter Award," and Jews for the Preservation of Firearms Ownership's "David and Goliath Award" for his work on that story. He was also named a 2014 Defender of Liberty by the Second Amendment Foundation.

6. Defendant U.S. Department of State is an agency of the United States Government headquartered at 2201 C Street, N.W., Washington, DC 20520. Defendant has possession, custody and control of records to which Plaintiffs seek access.

## STATEMENT OF FACTS

7. On June 30, 2016 Plaintiffs submitted a FOIA request to Defendant seeking access to records pertaining to Operation Fast and Furious and correspondence to and from Kevin O'Reilly. A number of other items were requested in the request and they are incorporated by reference from the attached FOIA Request attached hereto as Exhibit "A."

8. By way of letter dated July 15, 2016, DoS acknowledged receiving Plaintiffs' request on June 30, 2016 and advised the Plaintiffs that the request had been assigned Case Control Number F-2016-07853.

9. As of the date of this Complaint, DoS has failed to: (i) produce the requested records or demonstrate that the requested records are lawfully exempt from production; (ii) notify Plaintiffs of the scope of any responsive records DoS intends to produce or withhold and the reasons for any withholdings, or (iii) inform Plaintiffs that it may appeal any adequately specific, adverse determination.

**COUNT I**
**(Violation of FOIA, 5 U.S.C. §552)**

10. Plaintiffs reallege paragraphs 1 through 9 as if fully stated herein.

11. Plaintiffs are being irreparably harmed by reason of DoS' violation of FOIA and Plaintiffs will continue to be irreparably harmed unless DoS is compelled to comply with FOIA.

12. To trigger FOIA's administrative exhaustion requirement, DoS was required to determine whether to comply with Plaintiffs' request within twenty (20) working days of receiving the request, or on or about July 29, 2016. At a minimum, DoS was required to: (1) gather and review the requested documents; (ii) determine and communicate to Plaintiff the scope of any responsive records DoS intended to produce or withhold and the reasons for any withholding; and (iii) inform the Plaintiffs that they may appeal any adequately specific, adverse determination.

13. Because DoS failed to determine whether to comply with Plaintiffs' request within the time period required by FOIA, Plaintiffs are deemed to have exhausted their administrative remedies. 5. U.S.C. § 552(a)(6)(C)(i).

**WHEREFORE**, Plaintiff respectfully requests that the Court:

(1) Order Defendant to conduct a search for any and all responsive records to Plaintiffs' FOIA request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiffs' FOIA request;

(2) Order Defendants to produce, by a date certain, any and all non-exempt records to Plaintiffs' FOIA request, and a *Vaughn* index of any responsive records withheld under claim of exemption;

(3) Enjoin Defendants from continuing to withhold any and all non-exempt records responsive to Plaintiffs' FOIA request;

(4) Grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. §552(a)(4)(E); and

(5) Grant Plaintiff such other relief as the Court deems just and proper.

Dated: August 6th, 2017

Respectfully Submitted,

KENT TERRY & DAVID CODREA

**/s/ Stephen D. Stamboulieh**
Stephen D. Stamboulieh
Stamboulieh Law, PLLC
P.O. Box 4008
Madison, MS  39130
(601) 852-3440
stephen@sdslaw.us
DC District Court Bar# MS0009
*Counsel for Plaintiffs*